**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES R. BRAZITIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 7993 |
| | ) | |
| v. | ) | Magistrate Judge Cole |
| | ) | |
| CAROLYN W. COLVIN[1], Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff seeks an award of $10,090.50 in attorney's fees and $15.10 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner concedes that plaintiff is entitled to an award, but takes issue with the amount sought, raising three issues on that point. First, the Commissioner argues that $10,000 is excessive for what was a routine Social Security disability case. Second, the Commissioner submits that the hourly rate sought – $184.75 – is excessive under *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011). And finally, the Commissioner argues that the hourly rate is excessive because the bulk of the work was farmed out to a contract attorney.

As to the Commissioner's first bone of contention, $10,000 is definitely in the ballpark given recent fee awards for routine cases in this district. *See, e.g., Willoughby v. Astrue*, 2013 WL 2099165 (N.D.Ill. 2013)($7,566.60); *Lopez-Montiel v. Colvin*, 2013 WL 1788429 (N.D.Ill. 2013)($8,652.77 out of over 10,000 BS); *Wilson v. Colvin*, 2013 WL 1385590 (N.D.Ill.

---

[1] Pursuant to Federal Rules of Civil Procedure 25(d), we have substituted Carolyn W. Colvin for Michael J. Astrue as the appellee.

2013)($10,804.07 BS); *Delgado v. Astrue*, 2012 WL 6727333, 5 (N.D.Ill. 2012)($9,157.63.); *Mireles v. Astrue*, 2012 WL 4853065 (N.D.Ill. 2012)( $9,587.21 award $10,674.71 requested BS); *Plesha v. Astrue*, 2012 WL 4848740, 3 (N.D.Ill. 2012)($15,333.98); *Amey v. Astrue*, 2012 WL 4738985, 5 (N.D.Ill. 2012)($4,975); *McGrath v. Astrue*, 2012 WL 4483792, 4 (N.D.Ill. 2012)($5,850.00); *Girondi ex rel. A.G. v. Astrue*, 2012 WL 3961303 (N.D.Ill. 2012); *Just v. Astrue*, 2012 WL 2780142 (N.D.Ill. 2012); *Seabron v. Astrue*, 2012 WL 1985681, 4 (N.D.Ill. 2012)($10,139.75); *Begoun v. Astrue*, 2011 WL 3626601 (N.D.Ill. 2011)($5,911.32); *Holofchak v. Astrue*, 2011 WL 662735 (N.D.Ill. 2011)($7,226.36).

True, there are cases where the fees are less than $10,000, but in the main, $10,000 is about the going rate. At least it is for counsel in this case, Barry Schultz. With one exception, in all of the foregoing cases awarding five figures, Mr. Schultz was plaintiff's counsel. He did come in under that figure on a couple of occasion, but only because his five-figure request was pared down by the court. *Lopez-Montiel v. Colvin*, 2013 WL 1788429; *Mireles v. Astrue*, 2012 WL 4853065. Perhaps, as Mr. Schultz suggests, he does not use the same "efficiencies" employed by other attorneys.

The Commissioner thinks that the price was inflated here because too much time – 35.5 hours – was spent preparing the initial brief. Spending a week on an opening brief does not seem inordinate, even where the record is relatively small and the arguments are routine, as they were here. What does give pause, however, is the billing for work done on November 4, 2012, and in March 2012. Plaintiff submitted an *in forma pauperis* petition in this case in which he claimed to be receiving $200 per month in either "Unemployment, welfare, or any other public assistance" – without specifying which, as the IFP form required. [Dkt. #2, 10]. Obviously, as the receipt of unemployment benefits requires an unemployed worker must "continually certify that [he is] able, available and willing to accept suitable work." http://www.ides.illinois.gov/page.aspx?item=2572,

there was a problem if that same person is claiming he is unable to work in order to receive disability benefits. It tuned out to be a mistake. Mr. Schultz reviewed that IFP petition for some part of .2 hours and failed to catch it, and then spent 4.7 hours correcting his own oversight. Those hours are not properly charged to the government.

The Commissioner spends most of her time on the Seventh Circuit's holding in *Mathews-Sheets*, arguing that counsel has failed to demonstrate he is entitled to an inflation enhancement of the statutory hourly rate. But it is an issue we have seen before – same attorney, same proof, same argument from the Commissioner, essentially focusing on a single sentence from *Mathews-Sheets*. We reject the Commissioner's position for reasons articulated at length in *Booker v. Colvin*, 2013 WL 2147544, 3 (N.D.Ill. 2013), which the Commissioner continues to refuse to respond to, at least in cases before this court. Counsel has adequately demonstrated his entitlement to an inflationary increase of the statutory rate.

The Commissioner also raises the issue of plaintiff's counsel's outsourcing of a portion of the legal work in this case to a contract attorney for less than the rate Mr. Schultz is requesting. She argues it is a cost-saving measure which should result in a discount to a client and, as a result, a discount in a fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, (1938) ("hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."). But attorneys regularly add a surcharge to the cost of the contract attorneys they engage, and do so ethically as long as the overall fee is reasonable. ABA Opinion 00-420.

In the EAJA arena, in a similar vein, senior attorneys and associates are regularly awarded the same rate. *See, e.g., Steele v. Barnhart*, 2002 WL 31478268, 2 (N.D.Ill. 2002); *but see Dross-Swart v. Colvin*, 2013 WL 2250280, 3 (N.D.Ind. 2013). The issue is what the prevailing market rate

"for the kind and quality of the services furnished" is. 28 U.S.C. § 2412(d)(2)(A); *see also Richlin Sec. Serv. Co. v. Chertoff,* 553 U.S. 571, 587–89 (2008) (holding that under EAJA, reimbursement for paralegal time should be based on "prevailing market rates," not at the paralegal's cost to the law firm). Here, Mr. Schultz has demonstrated that he is entitled to a single enhanced rate for the legal work done in this case, whether by him or the outside attorney he contracted with.

Mr. Schultz requests an hourly rate of $184.75 based on the Consumer Price Index for April 2012, when the majority of work on this case was done. He apparently uses 155.7 as his base, from March 1996, when the EAJA rate was last increased. With the index in April 2012 at 230.085, the inflationary increase was 47.8% for an enhanced rate of $184.75.

For the foregoing reasons, the plaintiff's petition for fees and costs is GRANTED in part. Plaintiff is awarded $9,185.22 in fees and $15.10 in costs.

**ENTERED:** _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/19/13